Parker, J.
The plaintiff, J. H, Beers & Company, brought a suit in its said firm name against the defendant in errorj John F. Gurney, before a justice of the peace in this county, upon a certain written contract of which the following is a copy:—
“To J. H. Beers & Co: I hereby agree to take one copy of your Commemorative Biographical Record of the counties of Huron and Lorain, Ohio, if published, for which, when delivered to me or at my residence or place of business, I will pay to you or your order the sum .of fifteen dollars. I base the above on what is promised in your prospectus.I further agree to correct or revise, if necessary, and to promptly return the Biographical Sketch when sent to me for that purpose”.
What purports to be the signature of John F. Gurney appears upon the paper just below what I have read, ¡
The defendant filed before the justice of the peace an answer which reads as follows: .
“Now comes the defendant,and in answer to: the plaintiff’s bill of particulars, filed in said-case, makes the following *84 defense, viz: That he never made any contract with the said J. H. Beers and Company of any kind whatever, neither express or implied, nor verbal or written; and that he wholly denies having signed the contract filed in this case, nor did he instruct or authorize any person to sign it for him; and he further says that the plaintiff has no cause of action against him. The defendant therefore prays that the said action be dismissed, and that a judgment be rendered against said plaintiff for costs.”
This answer is verified, and seems to meet the requirements of the provision of section 6577, Revised Statutes, to the effect that the genuiness of the signature of a person used upon a written instrument which purports to be signed by him may be put in issue by “an affidavit that such instrument of writing was not made, given, subscribed, accepted or indorsed by him.”
The defendant afterwards filed what he denominates “an amendment to defendant’s bill of particulars,” which reads as follows:
“Now comes the defendant and prays leave to amend his answer in said case as follows: That the alleged contract upon which plaintiff bases this action, is a case of forgery and fraud. That the plaintiffs, through their agents, have practiced the same fraud and deception upon various other persons with like contracts as have been alleged by the plaintiff in his bill of particulars, and have, through threats of litigation, forced other parties to settle for books they never contracted for; which contracts were forgeries, similar to the contract in this case. All of which allegations he is ready and willing to prove”.
The case was tried before the justice of the peace and a jury, and the trial resulted in a verdict for the defendant, which, on motion of the plaintiff, was set aside, and another trial was had before the justice of the peace and a jury, which also resulted in a verdict in favor of the defendant. Whereupon the plaintiff moved the court to set aside said verdict and grant it a new trial. Among other grounds stated in said *85 motion are these: That the verdict is not sustained by the evidence; and that the justice erred in admitting evidence prejudicial to the plaintiff over its objection. This motion was overruled, and judgment was entered against the plaintiff upon the verdict. It had allowed, and filed, its bill of exceptions which contains all the evidence submitted to the jury upon this trial of the case. The plaintiff filed its petition in the court of common pleas to reverse tnis judgment, but the court found that there was no error in the record prejudicial to the plaintiff in error, and affirmed the judgment. This proceeding is prosecuted to reverse the judgment of the court of common pleas and said judgment of the justice, and for the setting aside.of said verdict.
A careful reading of the whole record discloses the fact that the case was tried upon the single issue as to the genuineness of the defendant’s signature to the contract upon which the suit was brought.
It appears upon the record that the plaintiff, the location of whose head-quarters for business is somewhat uncertain, was engaged in preparing, publishing and vending a book denominated, “A Commemorative Biographical Record of the Counties of Huron, and Lorain, Ohio”; and that the business of obtaining the materials for the sketches to be published in said work, and of obtaining subscribers for the book, and of delivering the book and collecting from the subscribers, was being transacted in Huron and Lorain counties, Ohio. That in the transaction with the defendant in which the contract sued 'on was given (if it was in fact given), the plaintiff was represented by an agent and the defendant acted on his own behalf. The defendant gave to this agent the materials for the sketch of defendant’s life to be published in the work, and, the plaintiff claims, at the same time, signed this subscription sued on for a copy of the work. At all events,these parties met and had some negotiations about this matter, and this business was all transacted in Huron county, Ohio.
*86 In -the course of the1 -trial, witnesses “on behalf of the., defendant were permitted to testify to other transactions of the same character between the witnesses; and persons who represented .-themselves to be agents of the plaintiff; transactions which appear to be in.no way connected wth .that in in which the defendant.was concerned, and out of which this controversy arose, and with persons who did not appear for any competent evidence introduced to have been agents of the plaintiff; and these witnesses were permitted, over the objection of the plaintiff, to testify that these persons, who claimed to be agents of the plaintiff, had in these transactions attempted to defraud them in a manner similar to that in which defendant here claims that.the plaintiff and its. agents attempted to defraud him.
. As an example of this kind of evidence introduced upon the trial, I read from the bill of exceptions:
“The defendant to further maintain theissues of his part, swore and examined as witness, Ephraim Frost, who testified as follows: viz; that sometime in the spring of 1893, aman came to his house who said he.had been to Mr. John F. . Gurney's who had signed for the book, and for which he was the agent for some parties in Chicago, who were getting up a biographical book,and that he wanted him to subscribe for the same. He said that he did not know the man or his name. All he knew about him was what he said himself, that he had been to McGurney’s house. Plaintiff objected to witness giving his testimony, for the reason that he did not know he was the same man who had transacted business with Mr. Gurney, and the statement of the man, whoever he was, .could not alone be received as evidence of his agency The court overruled the objection and allowed the witness to give his testimony, to which ruling and allowance of the court, the plaintiff then and there excepted and does now except, The said witnéss then proceeded and testified that he gave said party a biographical sketch of himself and family, and when he had written it out, he asked him to sign a contract to take a copy of the book if it; was -published, and that he refused to do. so, and -told him that he did not *87 want the book, and that the man went away, and he heard npthing morp-abont.-it until-the spring of 1894, when a man broqg.b.t a .book and .left it a't his house. ■ A short time after, the book was left at his house, a man who said, he was an agent of J. H. Beers arid Corhpány, deirianded payment for the book, and said he had a contract purporting to be sign-1 ed by witness for the same, and ■ he produced it, and his name was signed to it by a mark, and he told trie man that' it was a forgery, as .he co.uld sign his., own- name, and the man said his daughter signed his name to it, which he said was not true, as his daughter,nor any of his daughters, were not at home at that time, and his name to said contract was a forgery.
‘‘And thereupon the plaintiff moved the court to take said testimony from the jury, which motion the court overruled, to which ruling of the court the plaintiff then and there excepted, and.does now except.”
There is other testimony of the same sort from the witness A. Cushman, who testified that a man came to him and represented himself to be an agent of J. H. Beers and-Company, and who, according to his story, undertook to swindle him by requiring him to settle upon a contract which he declared he had not signed.
Another witness, one William Van Lue, was asked the general question: ‘‘State whether the transaction you had with J.' H. Beers and Company was satisfactory to you?” This question was objected to by- plaintiff. The objection was overruled by the court, to which ruling the plaintiff excepted. Answer: ‘‘No, sir: it was not. ”
On account of this testimony, admitted over the objection of the plaintiff, we find that there was error in the proceedings. before the justice which was clearly prejudicial to the' plaintiff,-and which requires -a -reversal of the judgment' rendered by the justice-of the peace, unless it shall appear' frpin the whole record that the plaintiff was not entitled to maintain the suit or recover a judgment-therein. ■ '■ ¡
Wear.e.not favored.by a report of the opinion of the- *88 learned judge of the court of common pleas, but we cannot doubt that be took the same view of the matter of the admission of this testimony; we are advised, however,that he affirmed this judgment upon the ground that the plaintiff, suing in its first name,did not appear to have shown itself to be entitled to thus sue and prosecute its action, and that it does not affirmatively appear in the record that it was a partnership formed for the purpose of carrying on a trade or business in this state, or holding property in this state; it did not come within the purview of section 5011, Rev. Stat., authorizing such partnership to sue by the usual or ordinary name which it has assumed or by which it is known.
It has been held by the supreme court in the cases of Haskins v. Alcott, 13 Ohio State, 210, as a rule of pleading, that the plaintiff must bring itself within the provisions of this act in order to carry on a suit in the firm name; but it is also held in the same case, and in other cases, that the omission to make the averments necessary to bring the plaintiff within the purview of this section,is a proper cause for demurrer under the second sub-division of section 5062, of the Revised Statutes,viz: on the ground that the plaintiff has no legal capacity to sue; and that, unless the pleading is demurred to on this specific ground, the objection is waived. That it is waived where a general demurrer only is interposed.
The same principle is involved and approved in the case of Abernathy v. Latimore, Jenkins & Co., 19 Ohio, 286.
In the case of Sanders v. Keber & Miller, 28 Ohio St. 630, an objection was made to the form in which the plaintiff brought its suit,the suit having been brought in the firm name, and the names of the members of the firm not having been given, the petition in that case containing the allegation that the plaintiffs “are a firm doing business within the state of Ohio’’,and omitHng to state that it was formed for that purpose. The court below did not sustain this ob *89 jection, and the defendant, without excepting to this ruling, answered over, and the case was heard on its merits. The supreme court, without passing upon the question whether this objection was well founded, say, that because of this action taken in failing to except to the ruling, etc, “it is now too late to raise this question.”
In Globe Rolling Mill v. King & Co., reported in Volume 2, of Cincinnati Superior Court Reports, at pages 21 and 22,the point was made that the defendant firm suing in the firm name, was described in the petition as “a firm doing business under that name in the state of Ohio”, instead of describing it as formed for “the purpose” of doing business in this state. And the case of Hasking vs. Alcott was cited as sustaining the point that this was insufficient. The court held that this point was not decided in the case cited,and Taft, Judge,in the opinion,says that “the language of the opinion of the court would seem to go upon the hypothesis that the essential thing under the statute was to show that the firm was actually doing business in the state of Ohio. I think that if it appears that the firm was actually doing business in the state, it is to be assumed that it was formed for that purpose,and I cannot regard it as a defense that a firm actually doing business here was intended to do business somewhere else.”
In this case, we do not feel called upon to either approve or disapprove of this holding, but remark that if this rule was applied to the casein hand, the judgment must be reversed, because it fairly appears from the -record that this firm was actually doing business in Lorain county, Ohio,and the suit grows out of a business transaction carried on by the firm with the defendant in Lorain county, Ohio; and it does not affirmatively appear in the record that the firm was not formed for the purpose of carrying on business in Ohio, nor that it was formed for the purpose of carrying on business any where else, nor that it, in fact, ever transacted any business outside of the state of- Ohio.
*90 It is claimed that the bill of exceptions shows that the head-quarters 'of' the firm are in' Chicago, Illinois. The statement of the witness Beers in his deposition, upon which this claim is based, is somewhat equivocal; it may relate to, his own residence as Well as to the place of business of the firm; but we base our decision upon the' ground that this objection,to the suit being brought in the firm name, was not raised during the pendency of the cause in the justice’s court, and was therefore waived in that court.
We d'o not pretend to'say just how this objection to the capacity of the plaintiff to sue must be raised before the justice of the peace in order to prevent the application of the doctrine of waiver; but where we find, as in this case, that the right of the plaintiff to recover a judgment has been vigorously contested upon two trials and upon several hearings without this question having been raised or suggested, we think that it ought to be deemed waived.
The defendant asked that the plaintiff might be-required to give security for costs, and that in default thereof, the case might be dismissed-. Security for costs was ordered and given. Afterward, on motion of the defendant, additional security was required and given.
There is one motion interposed by defendant to dismiss the cause in which no ground is stated. It does not appear anywhere in the record that any objection whatever was raised to the suit being instituted and carried forward in the firm name, and no effort was made upon - the trial to show that the plaintiff firm was not authorized to -maintain this suit in Ohio, in its firm name. If the question had been presented, it may be that the plaintiff [might have shown beyond question its right to sue jthus. Its right to sue in this way, may have been known to, and recognized by the defendant. It may havé been clear; at all'.events, it is unquestioned. But, even if it might have been successfully dis *91 puted, it is not a question that goes to the jurisdiction of the court over a party, or over the subject matter. It is an objection that may be waived.
D. H. Young and Sherman Culp, for Plaintiff.
Wm. G. Burwell and G. B, Craig, for Defendant.
We do not undertake to hold that this question may not be raised hereafter in any subsequent proceeding that may be had in this case in the courts below. , We express no opinion upon that subject. We simply hold that it was too late for the defendant in error to raise this question when the cause was pending on error in the common pleas court; and if it may still be interposed when the cause comes up to be heard upon its merits, it should be done in such a way as to distinctly raise the question and afford the plaintiff an opportunity to be heard, or present its proof upon it.
The absence of affirmative allegations, or proofs in support of its right to sue in the firm name, where no objection had been interposed, to its suing in this way, is not sufficient to justify a judgment against the plaintiff.
The judgment of the court of common pleas is reversed, and the case will be remanded to that court with directions to reverse the judgment of the justice of the peace and set aside the verdict, and to set the case down for trial or other proceedings according to law, in the court of common pleas. The costs of the proceedings in this court, are adjudged against the defendant in error.